IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

In re: Rosuvastatin Calcium    :    MDL No. 08-1949-JJF
Patent Litigation,             :
_____:_____
AstraZeneca Pharmaceuticals    :
LP, AstraZeneca UK Limited,    :
IPR Pharmaceuticals Inc., and  :
Shionogi Seiyaku Kabushiki     :
Kaisha,                        :
                               :
        Plaintiffs,            :
                               :
    v.                         :    Civil Action No. 07-805-JJF
                               :
Mylan Pharmaceuticals Inc.,    :
                               :
        Defendant.             :
_____:_____
AstraZeneca Pharmaceuticals    :
LP, AstraZeneca UK Limited,    :
IPR Pharmaceuticals Inc., and  :
Shionogi Seiyaku Kabushiki     :
Kaisha,                        :
                               :
        Plaintiffs,            :
                               :
    v.                         :    Civil Action No. 07-806-JJF
                               :
Sun Pharmaceutical Industries  :
Ltd.,                          :
                               :
        Defendant.             :
_____:_____
AstraZeneca Pharmaceuticals    :
LP, AstraZeneca UK Limited,    :
IPR Pharmaceuticals Inc., and  :
Shionogi Seiyaku Kabushiki     :
Kaisha,                        :
                               :
        Plaintiffs,            :
                               :
    v.                         :    Civil Action No. 07-807-JJF
                               :
Sandoz Inc.,                   :
                               :
        Defendant.             :

```
                                         :
AstraZeneca Pharmaceuticals              :
LP, AstraZeneca UK Limited,              :
IPR Pharmaceuticals Inc., and            :
Shionogi Seiyaku Kabushiki               :
Kaisha,                                  :
                                         :
          Plaintiffs,                    :
                                         :
     v.                                  :    Civil Action No. 07-808-JJF
                                         :
Par Pharmaceuticals Inc.,                :
                                         :
          Defendant.                     :
                                         :
AstraZeneca Pharmaceuticals              :
LP, AstraZeneca UK Limited,              :
IPR Pharmaceuticals Inc., and            :
Shionogi Seiyaku Kabushiki               :
Kaisha,                                  :
                                         :
          Plaintiffs,                    :
                                         :
     v.                                  :    Civil Action No. 07-809-JJF
                                         :
Apotex Inc. and Apotex Corp.,            :
                                         :
          Defendants.                    :
                                         :
AstraZeneca Pharmaceuticals              :
LP, AstraZeneca UK Limited,              :
IPR Pharmaceuticals Inc., and            :
Shionogi Seiyaku Kabushiki               :
Kaisha,                                  :
                                         :
          Plaintiffs,                    :
                                         :
     v.                                  :    Civil Action No. 07-810-JJF
                                         :
Aurobindo Pharma Ltd. and                :
Aurobindo Pharma USA Inc.,               :
                                         :
          Defendants.                    :
                                         :
```

```
AstraZeneca Pharmaceuticals    :
LP, AstraZeneca UK Limited,    :
IPR Pharmaceuticals Inc., and  :
Shionogi Seiyaku Kabushiki     :
Kaisha,                        :
                               :
          Plaintiffs,          :
                               :
     v.                        :  Civil Action No. 07-811-JJF
                               :
Cobalt Pharmaceuticals Inc.    :
and Cobalt Laboratories Inc.,  :
                               :
          Defendants.          :
                              _:_____
AstraZeneca Pharmaceuticals    :
LP, AstraZeneca UK Limited,    :
IPR Pharmaceuticals Inc., and  :
Shionogi Seiyaku Kabushiki     :
Kaisha,                        :
                               :
          Plaintiffs,          :
                               :
     v.                        :  Civil Action No. 08-359-JJF
                               :
Aurobindo Pharma Ltd. and      :
Aurobindo Pharma USA Inc.,     :
                               :
          Defendants.          :
                              _:_____
AstraZeneca Pharmaceuticals    :
LP, AstraZeneca UK Limited,    :
IPR Pharmaceuticals Inc., and  :
Shionogi Seiyaku Kabushiki     :
Kaisha,                        :
                               :
          Plaintiffs,          :
                               :
     v.                        :  Civil Action No. 08-426-JJF
                               :
Teva Pharmaceuticals USA,      :
                               :
          Defendant.           :
```

## MEMORANDUM ORDER

Pending before the Court are three Objections to the Report

And Recommendation Regarding Motions For Summary Judgment And To

Dismiss, And Order On Evidentiary Motions (D.I.[1] 389) issued by
Magistrate Judge Stark in the above-captioned actions: (1) an
Objection filed by Plaintiffs (D.I. 393), (2) an Objection filed
by Aurobindo Pharma Ltd. ("Aurobindo India") (D.I. 392), and (3)
an Objection filed by Aurobindo Pharma USA, Inc. ("Aurobindo
USA") (D.I. 391). For the reasons discussed, the Court will
overrule the Objections filed by Plaintiffs, Aurobindo India, and
Aurobindo USA.

## I.    STANDARD OF REVIEW

When reviewing the decision of a magistrate judge on a
dispositive matter, the Court conducts a de novo review.  28
U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(3).  A motion to
dismiss and a motion for summary judgment are considered
dispositive matters, and therefore, the findings and conclusions
of the magistrate judge in connection with such motions are
reviewed de novo.  Id.  The court may accept, reject, or modify
the recommendations of the magistrate judge.  The court may also
receive further evidence or return the matter to the magistrate
judge with instructions for proceeding.  Id.

---

[1]    Objections were only filed in Civil Action Nos. 07-809
and 07-810, and therefore, the Court adopts the Report and
Recommendation as filed in all of the remaining civil actions in
which it was filed.  For ease of reference, the Court will refer
to the Docket Item numbers used in the multi-district action,
MDL. No. 08-1949.

## II.    DISCUSSION

### A.    Plaintiffs' Objection

Plaintiffs object to that portion of the Magistrate Judge's
Report and Recommendation concluding that the Court lacks
personal jurisdiction over Apotex, Inc. ("Apotex") and granting
Apotex's request to transfer this action to the Southern District
of Florida.  Plaintiffs contend that their objection "raises an
important legal issue of first impression:  whether a generic
drug manufacturer's voluntary and persistent activities in this
District in pursuit of its litigation-based business model
constitute 'doing business' or 'persistent conduct' under the
Delaware long arm statute sufficient to establish general
jurisdiction."  (D.I. 393 at 1).  Plaintiffs contend that, as
part of its business model, Apotex instigates litigation in this
District and has been sued in this District numerous times, often
voluntarily submitting to the jurisdiction of this Court and
asserting counterclaims against the various plaintiffs.
Plaintiffs contend that ANDA litigation in Delaware is at the
"core" of Apotex's business model, and because Apotex avails
itself of the resources of this Court to advance its business,
the exercise of general jurisdiction over Apotex is appropriate.

Both Apotex and Aurobindo India have filed responses to
Plaintiffs' Objection contending that participation in prior
litigation in Delaware is insufficient to establish the

"substantial and continuous activity" required for the exercise
of general jurisdiction. Apotex points out that it had no
control over where it was sued, and the exercise of personal
jurisdiction over Apotex would not further the purposes of the
Delaware long-arm statute. In addition, Apotex contends that the
Court should modify the Magistrate Judge's Report and
Recommendation to dismiss Apotex outright from this litigation,
thereby requiring Plaintiffs to re-file this action in a proper
forum.

Reviewing the Report and Recommendation of Magistrate Judge
Stark de novo, the Court concludes that Magistrate Judge Stark
did not err in concluding that the Court lacks personal
jurisdiction over Apotex. As Magistrate Judge Stark pointed out,
Apotex and Apotex Corp. are distinct corporations whose
relationship is insufficient to support an agency theory.
Further, the Court is not persuaded that Apotex's participation,
primarily as a defendant, in litigation in this District is
sufficient to support the exercise of general jurisdiction. In
addition, the Court further concludes that Magistrate Judge Stark
appropriately concluded that this action should be transferred to
the Southern District of Florida. Accordingly, the Court fully
adopts the rational set forth by Magistrate Judge in his
Report and Recommendation, and therefore, the Court will overrule
Plaintiffs' Objection.

B. Aurobindo India's Objection

Aurobindo India objects to that portion of the Magistrate
Judge's Report and Recommendation recommending the denial of
Aurobindo India's motion for summary judgment and its related
request that Aurobindo USA be dismissed. Aurobindo India
contends that the Court lacks personal jurisdiction over it, and
Magistrate Judge Stark erred in finding genuine issues of
material fact regarding application of the agent or alter-ego
theories of establishing personal jurisdiction based on the acts
of Aurobindo India's wholly-owned subsidiary, Aurobindo USA.
Aurobindo India contends that Aurobindo USA is not its agent in
Delaware, because Aurobindo India lacks the requisite control
over Aurobindo USA, and Aurobindo USA does not conduct business
in Delaware.

In response, Plaintiffs contend that they have presented
sufficient evidence to show that Aurobindo USA is Aurobindo
India's agent in the United States, and that Aurobindo USA has
sufficient contacts with Delaware to support the exercise of
jurisdiction. Alternatively, Plaintiffs contend that they have
presented sufficient evidence to show that Aurobindo India
controls Aurobindo USA, to such a great extent that the two
companies can be considered alter egos.

Reviewing the Report and Recommendation of Magistrate Judge
Stark de novo, the Court concludes that Magistrate Judge Stark

did not err in concluding that genuine issues of material fact
exist as to whether the Court has personal jurisdiction over
Aurobindo India. Magistrate Judge Stark summarized the evidence
succinctly in his report and recommendation, and the Court agrees
with his conclusion that this evidence, at a minimum, gives rise
to questions of material fact regarding the application of the
agency and alter-ego theories and whether Aurobindo USA's conduct
is sufficient to establish general jurisdiction. Accordingly,
the Court fully adopts the rationale set forth by Magistrate
Judge Stark in his Report and Recommendation and will overrule
Aurobindo India's Objection.

C. Aurobindo USA's Objection

Aurobindo USA objects to that portion of Magistrate Judge
Stark's Report and Recommendation recommending the denial of
Aurobindo USA's Motion For Summary Judgment Of Noninfringement
And No Subject Matter Jurisdiction. Aurobindo USA contends that
it did not "submit" the ANDA giving rise to this litigation, and
therefore, the elements of Section 271(e)(2) cannot be met as a
matter of law. Thus, Aurobindo USA contends that it is entitled
to a judgment of noninfringement as a matter of law, and/or
dismissal based upon lack of subject matter jurisdiction under
Section 271(e)(2).

In response, Plaintiffs contend that the Court already
rejected Aurobindo USA's argument when it adopted Magistrate

8

Judge Stark's 2008 Report and Recommendation.  Plaintiff further
contends that genuine issues of material fact exists regarding
whether Aurobindo USA intends to benefit directly if the ANDA is
approved, and whether Aurobindo USA signed and sent the ANDA to
the FDA.

    As Plaintiffs note, Aurobindo USA raises the same arguments
it makes here in its previously filed Motion To Dismiss.  In his
November 24, 2008 Report and Recommendation, Magistrate Judge
Stark rejected Aurobindo USA's arguments and recommended denial
of the Motion To Dismiss.  The Court adopted the 2008 Report and
Recommendation, but noted that its rulings did not apply to a
properly filed motion for summary judgment, which the Magistrate
Judge should consider in the first instance.  Having considered
such a motion, Magistrate Judge Stark concluded that the record
contains evidence from which a reasonable fact finder could find
that Aurobindo USA is a wholly owned subsidiary of a foreign ANDA
applicant (Auorbindo India), that it signed the ANDA as the agent
for Aurobindo India, and that it intends to benefit directly if
the ANDA is approved.  Judge Stark also concluded that genuine
issues of material fact exist as to at least some of the
aforementioned factors.  The Court agrees with Judge Stark's
conclusions and fully adopts the rationale set forth in his
Report and Recommendation.  Accordingly, the Court will overrule
Aurobindo USA's Objection.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1.    Plaintiffs' Objections To Report And Recommendation Of
Magistrate Judge Granting Apotex Inc.'s Renewed Rule 12(b)(2)
Motion To Dismiss For Lack Of Personal Jurisdiction Or In The
Alternative To Transfer (D.I. 393) is **OVERRULED**.

2.    Aurobindo Pharma Ltd.'s Objection To The Magistrate
Judge's Report And Recommendation Regarding Aurobindo Pharma
Ltd.'s Motion For Summary Judgment Of No Personal Jurisdiction
And For Dismissal For Nonjoinder (D.I. 392) is **OVERRULED**.

3.    Aurobindo Pharma USA's Objection To The Magistrate
Judge's Report And Recommendation Concerning Aurobindo USA's
Motion For Summary Judgment Of Noninfringement And No Subject
Matter Jurisdiction (D.I. 391) is **OVERRULED**.

4.    The Report And Recommendation Regarding Motions For
Summary Judgment And To Dismiss, And Order On Evidentiary Motions
(D.I. 389) is **ADOPTED**.

February 19, 2010
DATE

Joseph J Faman Jr.
UNITED STATES DISTRICT JUDGE

10